UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    **NOT FOR ELECTRONIC**
                                                                **OR PRINT PUBLICATION**
NORMAN DAVID BROOKS,

                Plaintiff,                                                **ORDER**
    -against-                                                                   05-CV-4195 (ARR)(LB)

FRIEDRICH VON LENTHE; MATTHIAS
SCHMIDT; NIKOLAI STULA; VGH;
SPARKASSE; and NORD LB,

                Defendants.
-----------------------------------------------------------X

NORMAN DAVID BROOKS,

                Plaintiff,
    -against-

MANFRED SCHMITT; KAREN WAGNER;
SYLVIA TOENGES; OTTO TOENGES,
SASKIA TOENGES, TOENGES GMBH; TOENGES
WIRTSCHAFT UND FINANZBETREUUNG;
ROHMANN IMMOBILIEN; BERND BODE;           06-CV-00034 (ARR)(LB)
POLIZEI GOETTINGEN; OFFICER REITMANN;
STADT GOETTINGEN; RITA BOPPELL;
SACHA RAULF; SONJA RAULF; MIRIAM
WINTERSTEIN; HUBERT HALLER; HEINER
PAPE; MRS. FEHR; AMTSGERICHT GOETTINGEN;
NORD LB,

                Defendants.
-----------------------------------------------------------X

NORMAN DAVID BROOKS,

                Plaintiff,
    -against-

LANDGERICHT GOETTINGEN;
OBERLANDESGERICHT BRAUNSCHWEIG;           06-CV-00037 (ARR)(LB)
HERR SCHULZE; FRAU MARAHRENS;
MANFRED SCHMITT; KAREN WAGNER;
NORD LB,

                Defendants.
-----------------------------------------------------------X

ROSS, UNITED STATES DISTRICT JUDGE:

The Court recently dismissed these three actions, Brooks v. vonLenthe et al., 05-CV-4195 on April 10, 2006, and Brooks v. Schmitt et al., 06-CV-0034 and Brooks v. Landgericht Goettingen et al., 06-CV-0037, on April 13, 2006. Judgment was entered in each of the cases on April 17, 2006. On April 21, 2006, the Court received plaintiff's "Objection to Memorandum and Order" captioned for Brooks v. vonLenthe et al., but referencing the docket numbers of all three actions.[1] The Court liberally construes plaintiff's submission to be a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) because it was filed within ten days from entry of the judgment. Plaintiff's arguments do not alter the Court's conclusions stated in its April 10, 2006 and April 13, 2006 Orders. As plaintiff has not alleged any facts sufficient to warrant relief from the Court's orders under Fed. R. Civ. P. 59(e), the motion to reconsider the Court's Orders dismissing the complaints is DENIED. See Shrader v. CSX Transportation, 70 F.3d 255, 257 (2d Cir.1995) (standard for granting a motion to reconsider is strict and the motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked"). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED:**

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
May 12, 2006

---

[1] While the Court has considered the instant motion in its present form, plaintiff is advised that motions should not be submitted in the collective. Rather, a submission should identify clearly the case to which it refers and present arguments specific to the case in which it is filed.